**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| YUSSEF IBRAHIM, | : | |
| | : | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| GENERAL MILLS OPERATIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to his race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court.  *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

**PARTIES**

4.

Plaintiff is a Black male and current employee of Defendant who works at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

2

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

7.

Plaintiff began work at General Mills' Covington facility in November 2021.

8.

Plaintiff's direct supervisor, Technician Team Leader ("TTL") Jim Alexander, bullied, harassed, and micromanaged Plaintiff and other Black employees.

9.

Alexander has chastised Plaintiff for taking breaks in his car, but he allows white employees to take breaks in their cars.

3

10.

As his TTL, Alexander was responsible for submitting Ibrahim's time to the payroll department, which he was supposed to do based upon and in reliance on the clock-in/clock-out records/key fob system.

11.

Alexander manipulated the time to pay Black employees for fewer hours than they actually worked.

12.

Plaintiff had to track his time closely because Alexander shorted hours on his paycheck intentionally for no apparent reason several times.

13.

Alexander is creative and slick about doing things to harm Black employees.

14.

Alexander only allows white employee to have a key to the toolbox.

15.

Plaintiff had to complain to corporate HR just to get a working radio.

16.

Alexander expects Black employees, but not white employees, to run an entire system by themselves.

17.

Alexander treats Black employees worse than white employees when it comes to breaks, requests for time off, receiving full pay for all hours worked without having to complain to HR, having appropriate training, having all needed equipment, and expectations as to the amount and scope of work the employees are required to perform.

18.

Alexander cannot deny Plaintiff overtime on his own team. However, Alexander routinely denies overtime to Black employees who are not on his team whereas he openly allows white employees from other teams to do overtime on his team. If Alexander is covering as TTL for another team, he does not allow Plaintiff to do overtime on that team.

19.

Plaintiff has always been required to take a test to advance to the next level of technician, but white employees are not uniformly required to take said test.

20.

Alexander rarely trains Black employees but barks orders at and mock them over the walkie talkie.

5

21.

After TTL Samuel Mayhan was terminated, Alexander was assigned to cover Mayhan's team, so Alexander had the opportunity to harass even more people than before.

22.

Alexander smokes all shift and does not contribute helpfully.

23.

Alexander treated Plaintiff and other Black employees harshly and rudely but was not like that with the one white technician, Andy.

24.

Alexander once stated that Tamaris Goss, another Black employee, was not going to last there long.  Not long thereafter, Goss was terminated.

25.

Alexander did not ensure the Black technicians received proper training and did not assign them a mentor or trainer.

26.

Andy, on the other hand, had a mentor/trainer.

27.

Andy received his promotions/levels on time and was not nitpicked or incessantly chastised by Alexander.

28.

Plaintiff complained to Angela Williams, who, upon information and belief, went above Chris Morrison about Alexander.

29.

Shortly after that, Williams transferred to Blue Buffalo.  Williams, a Black woman, was replaced by Dan Lasoto, a white man who treats Black employees similarly to Morrison and has followed in his footsteps.

30.

Megan Asturias in corporate HR did an investigation about Alexander, and Plaintiff spoke to her directly about Alexander several times.

31.

Around October 2023, Plaintiff had a meeting about Alexander with Ken Prefer, Greg Cantrell, and Megan Asturias.

32.

To Plaintiff's knowledge, HR never took any action against Alexander even though nearly all the technicians under him have complained and tried to get moved to a different TTL.

33.

Shortly before Plaintiff's wife passed in September 2024, Plaintiff was granted one month of caregiver's leave.  Alexander texted Plaintiff before his wife passed and told him he was no-call/no-show after he was out for two weeks. Plaintiff told Alexander to check with HR, and Alexander said that he already had, and Plaintiff was expected back.  Alexander dropped it after Plaintiff's wife passed and did not mention it again.

34.

To this day, General Mills allows Alexander to systematically and routinely treat Black employees, including Plaintiff, worse and more harshly than he treats white employees.

## COUNT ONE

### Title VII:  Disparate Treatment/Discrimination

35.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

36.

Plaintiff is a member of a class protected by Title VII.

37.

Defendant is a covered employer under Title VII.

38.

Plaintiff suffered adverse employment actions despite being qualified for his position.

39.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class, including a technician named Andy who received his promotions/levels on time, was paid for all hours worked, received appropriate training, received needed equipment and support, and was not expected to run an entire system on his own, which is physically dangerous.

40.

Plaintiff's race was a motivating factor for the adverse employment actions taken against him.

41.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

42.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT TWO**

Title VII:  Retaliation

43.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

44.

Plaintiff is a member of a class protected by Title VII.

45.

Defendant is a covered employer under Title VII.

46.

Plaintiff engaged in a protected activity when he complained about Alexander treating Black employees differently to local and corporate HR and had a conversation with Greg Cantrell, Ken Prefer, and Megan Asturias about his discrimination complaints against Alexander.

47.

In retaliation for Plaintiff's complaint, Defendant took materially adverse actions against him, including disciplining him, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, holding him to a higher standard of conduct than white employees, and taking disparate adverse actions against him.

48.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against them.

49.

Plaintiff asserts a retaliation claim pursuant to Title VII.

50.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT THREE

Title VII:  Hostile Work Environment

51.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

52.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Jim Alexander.

53.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

54.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or

the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

55.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

56.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## COUNT FOUR

### 42 U.S.C. § 1981:  Race Discrimination

57.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

58.

Pursuant to the Civil Rights Act of 1866 –

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of

every kind, and to no other.

42 U.S.C. § 1981(a). This provision applies to nongovernmental discrimination. *Id.*
at § 1981(c).

59.

General Mills has knowingly allowed white supervisors and decision
makers who are members of a fraternal white supremacist organization, "the
Good Ole Boys," to operate the Covington facility in a manner that systematically
deprives Black employees the equal benefits of employment enjoyed by white
employees on the basis of race and the color of their skin.

60.

The Good Ole Boys' actions and omissions that amount to the systematic
deprivation of the full rights of employment to Black employees have created a
racially hostile work environment that have altered the terms, conditions, or
privileges of employment because of race.

61.

The Good Ole Boys include, among others, Jim Alexander, Ken Prefer, Greg
Cantrell, Megan Asturias, and Chris Morrison, all of whom had a role in allowing
Alexander to continue to harass, retaliate, and discriminate against Plaintiff.

14

62.

Due to the discriminatory practices of Defendant, Black employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR at the Covington facility.

63.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

64.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

65.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## COUNT FIVE

42 U.S.C. § 1981: Retaliation

66.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

15

67.

Plaintiff engaged in a protected activity when he complained about Alexander's racial discrimination and harassment against him to local and corporate HR, as well as the discussion with Ken Prefer, Greg Cantrell, and Megan Asturias.

68.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against him, including not fully paying his wages when due, allowing Alexander to maintain a racially hostile work environment, and not permitting a transfer away from Alexander.

69.

Plaintiff asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

**COUNT SIX**

42 U.S.C. § 1981:  Hostile Work Environment

70.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

16

71.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Jim Alexander.

72.

Alexander's discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

73.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

74.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

75.

Plaintiff asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)     Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b)     Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c)     Full amount of financial losses caused to Plaintiff as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(d)     Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e)     Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f)     Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)     Judgment against Defendant for damages incurred by Plaintiff;

(h)     Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(i)     An award of pre-judgment and post-judgment interest;

(j)     A trial by jury on all issues triable to a jury; and

(k)     Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

By:   /s/ Douglas H. Dean
      Georgia Bar No. 130988
      Attorney for Plaintiff
      Dean Thaxton, LLC
      601 E. 14th Avenue (31015)
      Post Office Box 5005
      Cordele, Georgia 31010
      T:  (229) 271-9323
      F:  (229) 271-9324
      E:  *doug@deanthaxton.law*


By:   /s/ Linda G. Carpenter
      Georgia Bar No. 111285
      Attorney for Plaintiff
      The Brosnahan Law Firm
      31 Lenox Pointe, NE
      Atlanta, GA 30324
      T:  (404) 853-8964
      F:  (678) 904-6391
      E:  *lgc@brosnahan-law.com*
      E:  *sharon@brosnahan-law.com*